JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Plaintiff AK Futures LLC ("AK Futures") moved for a default judgment. Dkt. No. 30. Defendant Green Buddha, LLC ("Green Buddha") failed to oppose the motion.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

AK Futures filed suit against Green Buddha alleging unlawful manufacturing, important, advertising, marketing, selling, and distributing of products that replicated AK Futures' own. Compl. ¶ 1.

AK Futures owns and sells Cake branded Delta-8 products, including disposable electronic delivery systems and electronic cigarette e-liquid. Id. ¶ 2. Delta-8 is a hemp-derived product, regulated under the PACT Act and other regulations. Id. The Cake product is the top-selling brand of Delta-8 vaping goods in the country. Id. AK Futures launched Cake in October 2020, and since then, demand has been overwhelming, with revenue from sales of authentic Cake products exceeding $44,000,000. Id. ¶ 14. By virtue of this success, AK Futures has established substantial consumer goodwill in the Cake Mark, trade name, and designs. Id. ¶ 15.

AK Futures has also filed for registration of the Cake Marks before the United States Patent and Trademark Office ("USPTO"). Id. ¶¶ 16-17. The application dates span from December 21, 2020 to March 25, 2021. Id. ¶ 17. Since October 23, 2020, it has continuously used one or more of the aforementioned Marks in commerce, currently,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:21-cv-01028-JVS-ADSx    Date  October 27, 2021

Title    AK Futures LLC v. Green Buddha LLC, et al.

all Cake products bear one or more of the marks.  Id. ¶ 20.

AK Futures investigated Green Buddha's counterfeit products, engaging a private investigator to purchase and inspect samples of the same.  Id. ¶ 25.  On May 6, 2021, its investigator purchased three boxes, containing fifteen disposable Cake Delta-8 devices from Green Buddha.  Id. ¶ 26.  AK Futures examined the products and determined them to be inauthentic, despite "striking" similarities.  Id. ¶ 27.  However, they differ in a number of ways as well.  Id. ¶ 28.  AK Futures does not laminate its products, whereas the inauthentic versions were.  Id.  They also use different paper products.  Id.  The inauthentic products also use a previous certificate of analysis sticker, no longer employed by AK Futures.  Id.  Other differences exist as well.  See id.  For example, the devices themselves are white, but the inauthentic versions are black.  Clelland Decl. ¶ 20.

As a result of the inauthentic products, "Defendants are intentionally deceiving customers into believing that they are receiving authentic Cake products . . ."  Id. ¶ 29.  In addition, "the quality, performance, and safety of Defendants' products is unknown."  Id. ¶ 30.  Contrary to Green Buddha, AK Futures "tests its products for potency and regulatory compliance purposes, and periodically conducts full-panel testing for heavy metals, pesticides, and other contaminates."  Dkt. No. 15 at 7 (citing Clelland Decl. ¶ 23).  As a result, consumers are harmed by the inauthentic products, which are at risk of being "lower quality, less reliable, and less safe" than the authentic ones.  Compl. ¶ 31.  Consumers also face a "significant public health concern" by virtue of these products.  Dkt. No. 15 at 7 (citing Fox Decl., Ex. A).

Based on these allegations, AK Futures brought suit against Green Buddha for: (1) copyright infringement, 17 U.S.C. § 101 et seq.; (2) federal unfair competition and false designation or origin, 15 U.S.C. § 1125(a); (3) California false advertising, Cal. Bus. Prof. Code 17500; and (4) California unfair competition, Cal. Bus. & Prof. Code § 17200 et seq..  Compl., Dkt. No. 1.

On July 2, 2021, AK Futures moved for preliminary injunction enjoining the sale of counterfeit goods and for leave to immediately commence discovery.  Dkt. No. 15.  The Court granted that motion on August 16, 2021.  Dkt. No. 27.  Then, on September 27, 2021, AK Futures filed the instant motions for default judgment and  permanent injunction.  Dkt. No. 30.  The motion is unopposed.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

### B. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III.  DISCUSSION

**A.    Procedural Requirements**

As a threshold issue, AK Futures satisfies Local Rule 55-1.  AK Futures filed a declaration in support of its motion that states that default was entered against Green Buddha, that Green Buddha is neither incompetent nor an infant, and that the Servicemembers Civil Relief Act does not apply.  See Oganesian Decl. ¶¶ 3, 5, and 6. AK Futures served all other filings and docket items on Green Buddha. Id. ¶ 2.  Finally, AK Futures has complied with Rule 54(c) because it seeks a permanent injunction, damages, and recovery of attorneys' fees and costs, as requested in the Complaint. Compl., Dkt. 1, at 13–14.

**B.    Substantive Requirements**

  *1.    Possibility of Prejudice to Plaintiff*

The first substantive factor favors judgment because AK Futures has expended effort and incurred costs and fees in prosecuting this action.  Further, the Clerk entered default against Green Buddha on July 19, 2021, Dkt. No. 19, and Defendants have not subsequently moved this Court to set aside default.  As such, the Court finds that the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

Eitel factor favors default judgment.

    2.    *Substantive Merits and Sufficiency of Complaint*

    Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Court addresses each claim in turn.

    a.    *Copyright Infringement, 17 U.S.C. § 101*

    Copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co, Inc., 499 U.S. 340, 361 (1991). A "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c)).

    First, AK Futures alleges that it owns a valid, registered copyright on its cake design logo. Compl., Dkt. 1, ¶ 36. Second, AK Futures alleges that Green Buddha "manufactured, distributed, offered for sale and sold infringing reproductions of AKF's Cake$^{TM}$ products, including unauthorized reproductions of AKF's copyrighted cake design logo. Id. ¶ 37. This is sufficient to state a claim for copyright infringement.

    b.    *Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125*

    To prevail under a false designation of origin or federal unfair competition claim, plaintiff must establish that it (1) has a valid, protectable trademark that (2) defendant is using in a confusingly similar manner. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

the source of the products." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (quotations omitted).

AK Futures alleges that it has a registered trademark on its Cake products. Compl., Dkt. 1, ¶ 17. Further, it alleges that Green Buddha's "advertising, offering for sale and sale of counterfeit or unauthorized Cake™ bearing the Cake™ Marks constitute false designations of origin and false descriptions and representations, and is likely to cause confusion, mistake, and to deceive consumers by creating the false impression that AKF and the Cake™ products are affiliated, connected or associated with [Green Buddha], their goods, or that [Green Buddha's] products are approved, licensed, endorsed or sponsored by AKF." Id. ¶ 41. Further, AK Futures alleges that Green Buddha's products are "identical to or interchangeable" with AK Futures's goods and that Green Buddha sold those products in interstate commerce in a manner as to cause confusion or mistake and to deceive the public. Id. ¶ 42–43. These allegations sufficiently state a claim for false designation of origin or federal unfair competition.

        c.     *California False Advertising, Cal. Bus. & Prof. Code § 17500*

To state a claim for false advertising under California Business and Professions Code § 17500, AK Futures must show that Green Buddha "made a statement, in connection with the sale of personal property, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." PepsiCo, 238 F. Supp. 3d at 1176. Here, AK Futures alleges that Green Buddha "knowingly and willfully made false or misleading statements in connection with the sale of their inauthentic goods." Compl., Dkt. 1, ¶ 47. This is sufficient to state a claim for California false advertising under California Business and Professions Code § 17500.

        d.     *California Unfair Competition, Cal. Bus. & Prof. Code § 17200 et. seq.*

State law claims of unfair competition and claims under California Business and Professions Code § 17200 are substantially congruent" to claims made under the Lanham Act. Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994). As the Court concluded that AK Futures sufficiently stated claims under the Lanham Act, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

also determines that AK Futures stated claims for unfair business practices under California Business and Professions Code § 17200. See Starbuzz Tobacco, Inc. v. Melnick, 2015 WL 12656925, *4 (C.D. Cal. July 31, 2015).

    *3.    Remaining Four Factors*

The fourth factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (internal citation omitted). Here, AK Futures seeks enhanced statutory damages in the amount of $150,000 for Green Buddha's willful infringement under the Copyright Act. See Mot., Dkt. 30-1, at 9. The Court finds that this is a reasonable amount and thus weighs in favor of default judgment. See infra Section III.C. The fifth factor also weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175. Therefore, no disputes of facts preclude granting the motion. The sixth factor—whether the dispute is due to excusable neglect—does not weigh against entry of default judgment. In fact, Green Buddha was properly served but chose not to participate in this litigation. The seventh factor, the strong policy favoring decisions on the merits, weighs against entry of default judgment, but this factor alone is not sufficient to counterbalance the other factors in this case. See PepsiCo, 238 F. Supp. at 1177.

Accordingly, the Court GRANTS default judgment in favor of Philips.

**C.    Relief Sought**

    *1.    Permanent Injunction*

AK Futures seeks a permanent injunction on the same terms as the preliminary injunction entered by the Court on August 16, 2021. Dkt. No. 27. In granting that preliminary injunction, the Court found that AK Futures had demonstrated a likelihood of success on the merits, that it would suffer irreparable harm, and that the balance of equities tipped in its favor and also was in the public interest. Id. at 7–8. AK Futures argues that "[b]ecause Green Buddha has failed to appear . . . and it has continued its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

infringing activities after the filing of AKF's lawsuit, . . . AKF is entitled to permanent injunctive relief." The Court agrees.

To obtain a permanent injunction, a plaintiff must demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

Together, the eBay factors show that a permanent injunction is warranted. First, AK Futures has faced irreparable harm and will continue to face such harm without a permanent injunction. Notably, Green Buddha is in default. This means that unless the Court grants AK Futures a permanent injunction, the preliminary injunction will lapse at the end of this case and AK Futures will be without a remedy. Likewise, there is substantial risk of future infringement as Green Buddha has continued its infringing behavior even after the Court granted the preliminary injunction. Further, Green Buddha's failure to appear in this action increases the likelihood of continuing infringement. Courts have found that defendants' "refusal to answer or appear in [trademark infringement] litigation [gave] the court no assurance that [the defendants'] infringing activity will cease and [made] it difficult for [the plaintiffs] to prevent further infringement." U.S. Olympic Comm. v. Does, 2009 WL 10703686, at *5 (N.D. Cal. Mar. 10, 2009) (quoting Adobe Sys. Inc. v. Cain, 2008 WL 5000194, at *3 (N.D. Cal. , 2008)). The same is true here.

Finally, the public interest supports issuing a permanent injunction. As the Court explained in its Preliminary Injunction Order, trademark law protects the public interest by preventing confusion of customers through the use of confusingly similar marks. See 15 U.S.C. § 1125(a)(1). Also, the public is entitled to a clear understanding of the source of a product and to distinguish goods among competitors. Inwood Labs., Inc. v. Ives

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

Labs., Inc., 456 U.S. 844, 854 n.14 (1982) (citing legislative history of the Lanham Act); see also Kingston Tech. Corp. v. Jiaxin Tech., No. SACV0901038CJCRNBX, 2010 WL 11595923, at *3 (C.D. Cal. Oct. 14, 2010). Further, public health will be served by a greater understanding of the source of the counterfeit products, given the ability to better track and trace what materials are used in their production.

For these reasons the Court GRANTS AK Futures a permanent injunction on the same terms as the preliminary injunction.

   *2.   Enhanced Statutory Damages*

AK Futures requests enhanced statutory damages of $150,000 under the Copyright Act. Mot., Dkt. 30-1, at 12. The Copyright Act provides for statutory damages of up to $150,000 for willful infringement. 17 U.S.C. § 504(c)(2). "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" Peer International Corp. V. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)) (alteration in original). "[C]ourts have noted that while the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled a windfall." Adobe Systems, Inc. v. Tilley, 2010 WL 309429, at *5 (N.D. Cal. Jan. 19, 2010) (citing Microsoft Corp. v. Ricketts, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007)). The statutory maximum for willful infringement is $150,000. 17 U.S.C. § 504(c)(2). "In measuring the damages, the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like ....'" Peer International, 909 F.2d at 1336 (quoting F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952)).

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willfull blindness' to, the copyright holder's rights." Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 944 (9th Cir. 2011) (quoting Island Software & Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)). AK Futures has established willfulness. The complaint alleges that Green Buddha produced and sold unauthorized reproductions of

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-01028-JVS-ADSx            Date October 27, 2021

Title     AK Futures LLC v. Green Buddha LLC, et al.

AK Futures's copyrighted designs that were practically identical to those designs. Compl., Dkt. 1, at 11. Green Buddha continued to do so even after the Court granted AK Futures a preliminary injunction. Mot., Dkt. 30-1, at 12–13. Further, AK Futures argues that "this is not the first time Green Buddha's principals and affiliates have engaged in counterfeiting activities and have failed to respond to lawsuits regarding those activities." Id. at 13; see Oganesian Decl. ¶¶ 8–9, 12–14, and Exs. H, I, and J (detailing previous instances of infringement and failure to respond to corresponding lawsuits). These circumstances warrant enhanced statutory damages in the amount of $150,000 for Green Buddha's willful and continued infringement of AK Futures's CAKE Logo.

    3.    *Attorney's Fees*

AK Futures also asks for attorneys' fees and costs under the Copyright Act and Lanham Act. The Copyright Act allows the Court to award "full costs" of the suit and to "freely award" attorneys' fees to the prevailing party so long as it "seek[s] to promote the Copyright Act's objectives." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559 (9th Cir. 1996) (internal quotes and citation omitted); 17 U.S.C. § 505. It is a "well recognized practice" to award attorneys' fees in cases of willful copyright infringement. Elektra Ent. Grp., Inc. v. Bryant, 2004 WL 783123, at *7 (C.D. Cal. Feb. 13, 2004).

Similarly, an award of reasonable attorneys' fees and costs is expressly provided for in "exceptional cases" of trademark infringement. Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Id. (internal citation and quotation marks omitted). In the context of default judgment, the Ninth Circuit has upheld awards of attorneys' fees "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, oppressively, and with an intent to . . . injure [plaintiff]." Id. (internal citation and quotation marks omitted.

AK Futures seeks an award of "reasonable attorneys' fees and costs incurred, in the amount to be shown by supplemental declaration to be filed within 10 days of a ruling on this Motion pursuant to Local Rule 54-7." Mot., Dkt. 30-1, at 16. As the Court explains

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01028-JVS-ADSx | Date | October 27, 2021 |
| Title | AK Futures LLC v. Green Buddha LLC, et al. | | |

above, AK Futures alleges that Green Buddha's infringement was knowing and willful. See Compl., Dkt. 1, ¶ 43.  Accordingly, the Court concludes that AK Futures is entitled to reasonable attorneys' fees.  Therefore, the Court GRANTS AK Futures's request for reasonable attorneys' fees.  AK Futures is to file a supplemental declaration within 10 days of this ruling pursuant to Local Rule 54-7 showing the amount of attorneys' fees and costs incurred.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion.  The Court GRANTS AK Futures's request for permanent injunctive relief, $150,000 in damages, and reasonable attorneys' fees in an amount to be determined by supplemental declaration pursuant to Local Rule 54-7.  Plaintiff shall submit a proposed judgment within 7 days of the ruling on the attorneys' fees.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |